Good morning. May it please the Court, Julianna Drouse, excuse me, for Appellant Quincy Robertson, I'd like to reserve three minutes for rebuttal. The purpose of the limitation in AEDPA on successive writs is to prevent an abuse of the writ process. Filing a second petition in this case is hardly an abuse of the writ. The merits of the argument, of the claim, were never decided by the federal court in the first petition. And that was because the district court and this court, the circuit court, had before it an opinion which the Supreme Court later in Chun described itself as muddled. In Mr. Robinson's direct appeal, where they decided that addressing the second degree felony murder rule and the merger doctrine. The fact of the matter is, in this case, an essential element of malice was taken away from the jury's consideration. It was never proven. Malice is an essential element of murder in California. It's what distinguishes murder from voluntary manslaughter. In the first petition, this court decided that there was no federal issue. About six weeks after that, the California Supreme Court issued its opinion in Chun, where it had fully adopted Mr. Robinson's arguments that he presented in his direct appeal. If you look at the decision in Chun, and you look at our briefing in the California Supreme Court, they lifted our briefing almost word for word. They admitted they were wrong. They reversed the holding of Mr. Robinson's case, but not his conviction. A second petition is filed here to prevent a miscarriage of justice. The jury never considered, when you look at the facts of this case, the jury deliberated for six days. They obviously had a very hard time with this. When you look at the district attorney's argument, the district attorney at trial knew that she had a problem with proving malice in this case. The thrust of her argument was, don't worry about malice. All you have to find is a negligent discharge of a firearm, and you can find him guilty of murder. That was true at the time, right? That was correct at the time. It wasn't correct at the time. That was the state of California law at the time, right? At the time of the trial, there was a question as to whether that charge, the underlying charge of grossly discharge of a firearm, can be the predicate felony for second-degree murder. It was addressed in his direct appeal, and then before the California Supreme Court. And then the California Supreme Court did decide on his case in a decision that made no sense to anyone, quite frankly, including to them. But counsel, they ruled. I'm just trying to get to the chronology. The California Supreme Court did rule. That's correct. And then the district court and the circuit court relied on that muddled decision in deciding there was no federal issue to be presented. But didn't Chen rely on state law? I mean, as I read it, it's basically a historic foray into how have we viewed these crimes historically in California and reviewing California statutes and California cases and making a decision about what the legislation should mean. Why isn't that a state law question? As to what constitutes second-degree felony murder in California, that's absolutely a state question. That's absolutely right. And I guess the next part of it is whether that newly minted definition by the California Supreme Court operates to undo prior convictions. Is that a state question also? The question there is whether this is new law or simply a clarification of the laws that existed at the time. But isn't that a question of state law itself as to how California views this decision? It is. And when you look at Chen, they use the word clarification. I mean, the California Supreme Court and Chen went out of their way because there was an issue of separation of powers as to whether the courts can define the elements of the crime or whether that's a legislative function. They went out of their way in Chen to say that they do not define, that it is not the court's job to define the elements of the crime, that it's up to the legislature to do that. And the legislature very clearly in Penal Code Section 188 said that malice is always either implied or expressed an element of murder. We know, counsel, but Judge Graber's question is a little bit different. That clarification came after your client had been convicted, right? And the question of retroactivity is a state function? It is a state function. And the California Supreme Court has looked at that, presumably, in the state habeas petition that was brought to try to correct the verdict in this case, correct? Their decision denying our petition was a one-word denial. But what they looked at was your claim that this should apply to him, and they said no. And what they might have looked at, without argument and without briefing at that point because it was not really before them, initially when the case was in the First District Court of Appeal, the First District Court of Appeal agreed that the crime of negligent discharge of a firearm could not be the basis of felony murder but found it to be harmless error in that case. That harmless error analysis was absolutely incorrect. It totally missed the point. I mean, it relied on the fact that he was also convicted of assault. In assault, assault is a general intent crime. The defense, there is no malice requirement for assault. The argument is that he should not have been convicted of murder. If there was a conviction, the only conviction in this case could be a voluntary manslaughter because of the lack of malice in this case. As is shown by the facts, the facts in this case are compelling. We have a 25-year-old man who lives in East Oakland. Counsel, we're aware of the facts, and I'm going to interrupt if I could because I have a question I think is important, and I want to give you an opportunity to answer it, if I might, please. The Chun case came out before the mandate in your client's case issued, and I haven't seen that anywhere in the briefing. Does that matter? Before the mandate? The Chun case came out about 41 days after the Ninth Circuit ruled, but the mandate had not issued. That's correct. Does that matter, that the mandate had not issued? You haven't addressed that in briefing. Quite frankly, that's something I would need to look at. I don't know how to answer that. All right. You still have two minutes, and I just wanted to make sure you had an opportunity. Thank you. And the facts of this case are he's in his home. He was recuperating still from himself being shot. He had no record prior to this case. Counsel, in the state petition that was brought to the Supreme Court to try to correct the problem identified in Chun, was it argued before the court that the first federal habeas case had already addressed the non-retroactivity issue? No, it wasn't. At that point, quite frankly, when I saw Chun and I thought, I can't believe this, they copied my brief. Now, of course, they're going to do justice and correct this miscarriage of justice, and I filed the petition. Normally, I would file in the Superior Court. I went right to the Supreme Court. But did you file anything with the Ninth Circuit? At that point, no. I went right to the California Supreme Court because they were the ones who issued Chun, and they obviously recognized that they were wrong when they decided Robertson, and I presented it to the California Supreme Court. They then sat on it for months, almost a year. You got a postcard denial. And then we got a postcard denial. Yes. The filing of the second petition here, allowing a second petition here, would not be an abuse of the writ. Allowing a second petition here would be correcting a miscarriage of justice. So you're agreeing that this is a second or successive petition? Well, it's a second petition that was filed. But as to whether it is a second or successive petition is a term of art. There are not all second petitions are barred by AEDPA. There are exceptions to that, and this should be one of those. Extraordinary circumstances. Right, and this should be one of those exceptions. Thank you, counsel. We'll give you some time for rebuttal since you got some of it used up by questions. We'll hear from the state. Good morning. May it please the court, Gregory Ott for the warden. This case, the circumstances here need to meet either 2244B or there needs to be an exception. This case does not come close to meeting 2244B. This is the same claim with a new state case supporting it. That was the predicate of the motion before this court previously to allow the petition that was filed and adjudicated in district court. Well, sort of. It's not just a general change in the law after a conviction, which is what the first Ninth Circuit panel thought they had. Instead, actually they didn't even think they had that, did they? But there was a subsequent change in the law, and it really did address this case particularly. Counsel. It addressed this case as precedent. Yes. Yes, but it did not purport to overturn the judgment in this case or affect the judgment in this case. It was essentially irrelevant that Mr. Robertson happened to be the defendant in the case that was one of the cases that was overturned. Well, even on that point, I found the ruling of the California Supreme Court a little bit confusing because it specifically said that it, I don't have it in front of me now, but the last sentence indicates that it reversed the result, not the result in the other case, but in this case it said that they overturned Robertson. They were going to overrule Robertson, and in the other case they made a point of saying, but not the result in that case. In a different case. We overruled People v. Robertson and the reasoning, though not the result, of People v. Randall. Thank you, Judge Graber. So they describe those two cases differently. Is there some significance to that? I don't think so. But, frankly, I don't remember off the top of my head the distinction between the analysis in Randall, Hanson, and Robertson. I know they were obviously different underlying felonies for the felony murder, but I don't remember what the distinction was. However, the current state of California law is that this was a new rule. Albeit from the California Court of Appeal, but that is the current state of the law in the California Supreme Court. I'm sorry, were you going to ask a question? But I was going to let you finish. And that's the current state of California law. It doesn't necessarily directly address your question, but I think indirectly it does, which is if it's a new rule, it did not apply. Well, I'm sorry, it's a new rule, and the California Supreme Court in Chun did not purport to reverse Mr. Robertson's conviction or judgment. I'm interested in talking about whether this is a second or successive petition, which was Judge Thunheim's question. Do you want to address that? Okay, sure. Well, first, I believe this is the same claim as was brought before. And if it's the same claim, it falls under B-1, and there are no exceptions. Does it matter that Chun was issued before the mandate was issued? Well, I hadn't noticed that. I didn't have this case back then. It's been handed around, and all I can say is that if I had had the case at that time and that issue had arisen, I would have argued on the state of the law then, which was unclear as to retroactivity, that it wasn't retroactive. It has been made retroactive now. It has subsequently been made retroactive by the California Court of Appeal. But during the mandate, during that period, I would have argued that. I don't know . . . I think that there would have been an exhaustion issue as well, that it would need to go back for it to be addressed under the new case law. My point being that I don't think it could be addressed in the first instance before this court on an appeal that had come off of a different merits determination, meaning the district court, when it first had this case, decided this was an issue of state law. Then it went to the Ninth Circuit. I don't think that on rehearing, this court would appropriately determine the issue under Chun in the first instance. Right, but after the Ninth Circuit ruled understanding, and I think Judge Noonan expressed regret about the state of California law but said that's a state question, then Chun came out and California law changed, then our mandate issued. So my question is whether or not . . . am I correct that the first three-judge panel from the Ninth Circuit didn't have an opportunity to consider this issue with an awareness that the California law had changed? That's correct. Would there have been any obligation by the state to provide notice of that change in law? I don't think so. The case is final under state law, presumptively final. What case was final? Robertson's judgment. Well, I think Judge Christen's point is that our case was not final until the mandate issues. It relied on People v. Robertson, not because it was his case, but because of what legal principle it announced. I see your point. Well, my first question, I suppose, was a legal answer. As a courtesy, yes. Like I said, I didn't have the case then, but someone should have pointed it out, and then the question of what would happen from there would have been litigated. Well, and to be clear, counsel, I don't want you to leave with the impression that I'm casting aspersions. This is one of those . . . with 20-20 hindsight, there was a very quick window, very quick turnaround. Two days or something like that. Right, and I don't have any reason to think anybody recognized this. It's just that here we are today, and I've got a timeline that indicates to me that that was, in fact, the situation. So understanding that, and since you're great on your feet, what do you think the correct response would be for us at this point? And does this change your view that this is a second or successive petition? It does not change my view that it's second or successive. Why isn't this a new issue? Why isn't this a new issue? Because I think the arguments have always been the same. It's just there is a new case, Chun, that supports it. And under authority that I've cited, new case, new facts don't change the nature of the claim. So I would still say that it's the same claim, even after Chun came out. Right, except I don't mean to belabor the point, but our three-judge panel didn't understand the law had changed. You could see that. Right. Okay. Even if we consider it a new claim, it still doesn't meet 2244B. For the reasons discussed in the brief, this isn't a factual predicate, and I don't think he can meet the actual innocence standard, which is the second part of that. So if we consider it a new claim, it still doesn't fall within 2244B too. I don't believe it meets any of the exceptions that have been set out in the case law either. This simply isn't a factual predicate. That would eliminate so many—that would create so many problems with interpretation of 2244B, that each new case, each case affecting a judgment is somehow a factual predicate. Same with ripeness. A case can't ripen and re-ripen with each new case that comes out. Those—and the cases that establish those exceptions are very distinct, one of which was the factual predicate of a prior conviction. There, the conviction was a fact. But, counsel, this would hardly be a floodgates problem. The stars had to align exactly right for this to happen. This is a one-in-a-million case, it seems to me, because the subsequent decision addresses Mr. Robertson's case specifically, and because the change in law happened after the Ninth Circuit had ruled, but before the mandate had issued. And that just can't happen very often. Well, the latter part, that is a unique situation. But I don't think the circumstances of the case are unique at all. And I think that they're expressly contemplated by 2244. It contemplates that there will be changes that are not federal constitutional changes. Sure. General changes in the law. Yes. And this is a California Supreme Court decision that specifically overruled the decision in Robertson's direct appeal. So why isn't that present a different issue for the second and successive petition analysis? Because—well, let's say Mr. Robertson wasn't the defendant in Robertson, and his case was decided a month later. And his case was similar. In other words, the same underlying felony. And the case said, denied under Robertson. I think it's the same scenario, that it was overruled as precedent, that he happened to be the defendant in that case, I don't think makes any material difference. And as far as 2244, there being a change in law, it doesn't distinguish between material changes in the law. It contemplates, by setting out one exception for changes in the law, that there will be changes in state law, and that there will be defendants who don't get their day in federal court. And I will say, as one last point, if I may, that Mr. Robertson has presented this case on the merits before the California Supreme Court. He has had his day in court. We submit that he doesn't get a second day in federal court. Thank you, counsel. Ms. Strauss, you may have a minute for rebuttal. Very briefly. As to the comment in the California Supreme Court where they overturned Robertson and overturned Randall but not the result in Randall, it should be noted that Randall was reversed, had been reversed by the California Supreme Court when it was there. It had already been reversed? Randall, yes, the conviction in Randall had been reversed when it was before the Supreme Court initially. Thank you. Okay. And as the point is, the court, this is not going to open the floodgates to habeas litigation in the federal court, as you noted. This is a very rare situation where it was his specific case that was overturned by the California Supreme Court and overturned in an opinion that adopted word for word his briefing. Thank you. Let me ask you one question just to clarify. The claim that Mr. Robertson brings here today has been made at every single level, including the trial court level, correct? Correct. This has always been Mr. Robertson's position from the very beginning. Which impacts his second or successive petition analysis, doesn't it? It does. Well, the difference now is the California Supreme, the new part, it seems to me, is that before he had precedent under state law going the other way and the new part that you're asking us to consider is the California Supreme Court has recognized this change in the law. Has recognized the change in the law and that they were wrong when they decided his particular case. Thank you, counsel. We appreciate very much the helpful arguments of both counsel. The case is submitted.
judges: Tunheim, Graber, Christen